**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

RAHUL RAHUL,                              )
                                          )
            Petitioner,                   )
                                          )
v.                                        )        Case No. CIV-26-269-J
                                          )
KRISTI NOEM, et al.,                      )
                                          )
            Respondents.                  )

## ORDER

Petitioner Rahul Rahul, a noncitizen from India, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1].  The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part; (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release him; and (3) order Respondents to certify compliance by filing a status report within ten days of the Court's order [Doc. No. 15].  The parties were advised of their right to object to the Report and Recommendation by March 19, 2026.  *Id.* at 12.  Respondents filed a timely Objection [Doc. No. 16].  For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED to the extent it alleges Petitioner's lack of a bond hearing violates federal law.

## I.    Background

Petitioner entered the United States on April 7, 2023.  [Doc. No. 1 ¶ 21].  In 2023, Petitioner was detained by ICE and placed into removal proceedings.  Petitioner alleges he was released shortly thereafter on an order of release on recognizance under 8 U.S.C. § 1226.  *Id.* ¶ 24.  In September 2023, Petitioner filed a Form I-589 asylum application claiming persecution in his

home country. *Id.* ¶ 25. In January 2026, ICE re-detained Petitioner. *Id.* ¶¶ 14, 22; [Doc. No. 13-4]. While housed at the Diamondback Correctional Facility in Watonga, Oklahoma, Petitioner filed his Petition, asserting that his continued detention without a bond hearing violates (1) the Immigration and Nationality Act (INA), and (2) his Fifth Amendment due process rights.[1]

## II.    Standard of Review

Although it was timely filed, Respondents' Objection does not trigger de novo review. An objection that merely reiterates arguments previously presented to the magistrate judge, or that expresses general disagreement with the recommendation, is insufficient to require de novo review. *E.g., Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025) (collecting cases); *see also Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023). Here, Respondents concede the Objection "expressly reasserts . . . arguments set forth in the Response" and that the Objection was "filed to preserve arguments for appeal." [Doc. No. 11 at 1]. This does not trigger de novo review. *Sanchez-Gilly v. Noem*, No. CIV-26-139-J, 2026 WL 674200 (W.D. Okla. Mar. 10, 2026).

## III.    Analysis

Having determined that Respondents' Objection did not trigger de novo review, the Court reviews Judge Maxfield's Report and Recommendation only to "confirm that there is no clear error on the face of the record." *Barnett v. Okla. State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025). With that review, the Court ADOPTS the thorough and well-reasoned Report and Recommendation concluding that Petitioner's detention without a bond hearing violates the INA. Even if the Court engaged in de novo review, this Court, and

---

[1] Because the Court grants Petitioner relief under § 1226(a), it declines to address his constitutional claim.

indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026). Unless the Tenth Circuit or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

## IV.    Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 15] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the INA. Accordingly, the Court ORDERS Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner within seven days of this order's date. Respondents shall also certify compliance within ten days of this order's date.

A separate judgment will enter.

IT IS SO ORDERED this 20th day of March, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE